GORMLEY, superintendent of banks, *v.* OLIVER, executrix, *et al.*

No. 9303. SEPTEMBER 14, 1933.

*Olin Hammock,* for plaintiff in error.
*James W. Harris,* contra.

ATKINSON, J. ■ Section 1 of article 18 of the banking act approved August 16, 1919 (Ga. L. 1919, pp. 135, 189 et seq.), relating to liability of stockholders in insolvent banks, declares in part that "said stockholders shall be further and additionally individually liable equally and ratably (and not one for another) to depositors of such bank for all moneys deposited therein, in an amount equal to the face value of their respective shares of stock; it being the true intent and purpose of this section, that, as to depositors for all moneys deposited with said bank, there shall be an individual liability upon each stockholder of such bank, over and beyond the par value of his or her original shares of stock, equal in amount to the face value of said shares of stock." The liability here imposed upon stockholders is distinctly "to depositors," intended to provide funds solely to pay off depositors. It is not generally a liability to the bank or to general creditors of the bank.

Section 2 of said article 18 declares, in part, that "persons holding stock as executors, administrators, guardians, or trustees shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust fund would be, if living and competent to act and hold the stock in his own name." Here the "estates and funds" in the hands of executors and administrators, etc., are liable "in like manner," that is *to depositors* to the same extent as the testator or intestate would be if living. This liability of estates and funds is not to the bank generally or to general creditors of the bank. It, like section one, is a provision solely to provide funds with which to pay off depositors. Neither of these sections of the act purports to deal with the rank which the stockholders' liability to depositors shall take as compared with other liabilities of the stockholders, and neither makes reference in case of the death of the stockholder to the matters of year's support for the family, dower, funeral expenses, physician's bill for last illness, expenses of administration, or taxes. And neither of these sections expressly or by necessary implication repeals other statutes relating to the matters enumerated, as provided in the Civil Code, §§ 4000, 4041, 5257. Section 4000 provides that "in the payment of the debts of a decedent, they shall rank in priority in the following order:" (1) Year's support for the family. (2) Funeral expenses including physician's bill for last illness. (3) Necessary expenses of administration. (4) Unpaid taxes due the State or United States. All of these, according to this law, have rank superior to a claim of a stockholder's liability to depositors in an insolvent bank, such liability not being included among any of the first four ranking classes of debts. The act approved August 25, 1927 (Ga. L. 1927, pp. 195, 199), amendatory of the banking act of 1919, supra, declares, in section 19 of article 7: "After the payment of the expenses of liquidation, including compensation of agents and attorneys, and after the payment of unremitted collections, the order of paying off debts due by insolvent banks shall be as follows: (1) Debts due depositors. (2) Debts due for taxes, State and Federal. (3) Judgments. (4) Contractual obligations. (5) Unliquidated claims for damages and the like. Provided, that nothing herein contained shall affect the validity of any security or lien held by

any person or corporation." This has reference to the order of *paying off general debts due by insolvent banks,* and does not purport to prescribe the rank of the statutory liability of a stockholder or his property to depositors in the bank. The general debts are payable out of all of the general assets of the bank, whereas the fund derived from the statutory stockholders' liability can only be paid to depositors in favor of whom that liability exists. This being true, the fact that depositors are named in this act and the fact that debts due depositors are placed first in order in this act does not operate, as contended, to give them a preference over a year's support, dower, funeral expenses, physician's bill for last illness, expenses of administration, or taxes. The ruling in *Mobley* v. *Personius,* 172 *Ga.* 261 (157 S. E. 294), decided by four Justices, did not involve priority of debts of the character last above mentioned, and is not a precedent for holding differently than above expressed.

■ The ruling announced in the second headnote does not require elaboration.

*Judgment affirmed. All the Justices concur.*