23676. WHITEHURST *et al. v.* GORMLEY, superintendent of banks.

BROYLES, C. J. 1. "Where a bank incorporated under the banking laws of Georgia becomes insolvent, the statutory liability of stockholders of the bank to depositors provided for in the act approved August 16, 1919 (Ga. L. 1919, pp. 135, 189 et seq.), is not entitled to a preference over the claim of the widow of a stockholder for year's support, or dower, or funeral expenses, or physician's bill for last illness of the deceased stockholder, or expenses of administration or *taxes.*" (Italics ours.) *Gormley* v. *Oliver*, 177 *Ga.* 638 (170 S. E. 794).

2. The property of W. M. Whitehurst was levied on under a distress warrant in favor of Mrs. W. M. Whitehurst by the sheriff of Twiggs county. Prior to the sale of the property there was placed in the sheriff's hands an execution in favor of R. E. Gormley, superintendent of banks, based on a stock assessment for the amount of $750 of stock owned by W. M. Whitehurst in the Farmers & Merchants Bank of Jeffersonville, Georgia. At the same time certain tax fi. fas., amounting to $560, in favor of the State, the County of Twiggs, and the City of Jeffersonville, were placed in the hands of the sheriff. The property was sold by the sheriff and brought the sum of $905. After the sheriff's commissions and the court costs were paid, there remained a balance of $803.31. The judge of the superior court, on a rule against the sheriff and upon an agreed statement of facts, held that the lien of the superintendent of banks was entitled to a preference over the claims for taxes. *Held*, under the foregoing ruling of the Supreme Court, that the holding of the superior court was error, and counsel for all parties to this case so agree, and have joined in a written communication to this court requesting that the judgment of the court be reversed.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED DECEMBER 14, 1933.

*Jones, Johnston, Russell & Sparks,* for plaintiffs in error.